```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3   * * * * * * * * * * * * * * *
     *UNITED STATES OF AMERICA    *
 4                                *   CRIMINAL ACTION
                  v.              *   No. 09-10225-RGS
 5   *                            *
     SHAWN DONNELLY               *
 6                                *
     * * * * * * * * * * * * * * *
 7

 8

 9

10          BEFORE THE HONORABLE RICHARD G. STEARNS
                 UNITED STATES DISTRICT JUDGE
11                       DISPOSITION
                     September 15, 2010
12

13   APPEARANCES:

14        UNITED STATES ATTORNEY'S OFFICE, (By AUSA Thomas E.
     Kanwit) 1 Courthouse Way, Suite 9000,  Boston,
15   Massachusetts  02210, on behalf of the United States of
     America
16
          FEDERAL PUBLIC DEFENDER OFFICE, (By Miriam Conrad,
17   Esq.) 51 Sleeper Street, 5th Floor, Boston,
     Massachusetts  02210, on behalf of Defendant
18

19

20
                                 Courtroom No. 21
21                               1 Courthouse Way
                                 Boston, Massachusetts 02109
22

23          James P. Gibbons, RPR, RMR
               Official Court Reporter
24          1 Courthouse Way, Suite 7205
             Boston, Massachusetts  02210
25              jmsgibbons@yahoo.com
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1              P R O C E E D I N G S
 2         THE CLERK:  All rise for the Honorable Court.
 3    Court is open.  You may be seated.
 4         The case before this Court carries Case No. 09cr10225,
 5    United States of America versus Shawn Donnelly.
 6         Counsel, please identify yourselves for the record.
 7         MR. KANWIT:  Good afternoon, your Honor.  Thomas
 8    Kanwit for the United States.
 9         MS. CONRAD:  Good afternoon, your Honor.  Miriam
10    Conrad for Mr. Donnelly.
11         THE COURT:  I have the defendant's sentencing
12    memorandum and, of course, the presentence report.
13         I gather the grouped career offender offense level
14    adjusted is 29, and this is something of an astonishing
15    criminal record, although it points out that much of it is
16    addiction-fueled, and that produces a Criminal History
17    Category of VI.
18         Mr. Kanwit, why don't we begin, as we customarily do,
19    with the government's position on the case.
20         MR. KANWIT:  Your Honor, as I think the Court is
21    aware, the government's position is that we are recommending
22    a ten-year sentence, which is a downward departure.  The
23    grounds for the recommendation really go to 18, U.S.C., 3553
24    factors; in particular, a concern that this defendant's
25    addiction has, in fact, fueled his pattern of crime, and
```

PDF created with pdfFactory trial version www.pdffactory.com

1   that he has not yet fully engaged in a lengthy attempt, with
2   support, at recovery.
3          Now, I think he bears primary responsibility for that,
4   and I wouldn't take away from that for one minute, but it's
5   the government's position that in this case with this
6   defendant, the addition of 30 months is not really going to
7   make a difference in his likely rehabilitation.  If he can
8   rehabilitate himself, look at this as another chance, get on
9   top of his addiction with the support of programs in prison,
10  come out at Age 43, or thereabouts, and say:  I want to make
11  something of myself.  I want to be there for my three
12  daughters.  I want to do something other than what I've been
13  doing, he will be able to do that.  I don't minimize the
14  challenge, but if he makes a commitment, he will be able to
15  do that.
16         Conversely, if he can't do it in ten years, he's not
17  going to do it in 12½ years.
18         Now, my argument, of course, is specific to this
19  defendant and this situation.  It's not a blanket position,
20  but it's really a fairly subjective position on the part of
21  the government in this case.
22         We do believe that ten years is adequate to protect the
23  public and adequate to give Mr. Donnelly a second chance.
24  He's served plenty of time before, but never a sentence this
25  long, and we're hoping that, facing a significant sentence

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   for this case, he will make a serious commitment to his
 2   rehabilitation.
 3           THE COURT:  Ms. Conrad, I know you see the case the
 4   same way, and I think I do, too.  I'm not sure there is --
 5   actually, Mr. Kanwit put it very well.
 6           MS. CONRAD:  I agree, your Honor.
 7           THE COURT:  One has to balance, again, one of the
 8   more astonishing criminal records I've seen recently, but
 9   then it has -- it's not, you know, mitigating -- well,
10   "mitigating" may be the right word.  It explains a lot of
11   Mr. Donnelly's behavior.  And I think the fact that there is
12   a recognition both on the part of the government and
13   certainly you advocating on Mr. Donnelly's behalf that there
14   may be some chance for redemption on Mr. Donnelly's part, I
15   think is a chance, a risk, that society well can take.
16        Mr. Donnelly, would you like to say anything?
17           THE DEFENDANT:  No, your Honor.
18           THE COURT:  You understand what Mr. Kanwit and
19   Ms. Conrad are saying?
20           THE DEFENDANT:  Yes.
21           THE COURT:  This is your last best chance to
22   salvage yourself.
23           THE DEFENDANT:  Yes, your Honor.
24           THE COURT:  All right.  If you would stand, please,
25   Mr. Donnelly.
```

PDF created with pdfFactory trial version www.pdffactory.com

1     Mr. Donnelly, pursuant to the Sentencing Reform Act of
2  1984, and having considered the sentencing factors more
3  particularly as enumerated at 18, United States Code,
4  Section 3553(a), it is the judgment of the Court that you be
5  committed to the custody of the Bureau of Prisons for a term
6  of 120 months, to be served concurrently on each of the two
7  counts of conviction.
8     The Court makes a judicial recommendation that you
9  participate in all available substance abuse treatment,
10 including, but not limited to, the Bureau of Prisons'
11 500-Hour Residential Drug Abuse Program.
12    The Court will make a further judicial recommendation
13 that you be designated to a facility, commensurate with
14 security, at which you can obtain vocational training to
15 prepare yourself to enter the workforce upon release from
16 custody.
17    Upon release from custody, you will be placed on
18 supervised release for a term of three years, again, to be
19 served concurrently on each count of conviction.
20    Withing 72 hours of release from custody of the Bureau
21 of Prisons, you will report in person to the Probation
22 Office in the district to which you are released, which I
23 gather will be the District of Massachusetts.
24    It is further ordered that you make restitution to the
25 parties in the amounts indicated:

1        The Community Bank of Brockton, Massachusetts, in the
2   amount of $4,570.
3        Citizens Bank in Brockton, Massachusetts, in the amount
4   of $3,455.
5        If necessary, if payment cannot be made in full, it
6   will be divided proportionally between the two banks.
7   Payment of restitution will be begin immediately.  It will
8   be made according to the requirements of the Federal Bureau
9   of Prison's Inmate Financial Responsibility Program while
10  you are incarcerated and according to a court-ordered
11  repayment schedule during the term of supervised release.
12  As usual, payments will be made to the Clerk of the United
13  States District Court.
14       You must notify the United States Attorney for this
15  district within 30 days of any change of mailing or
16  residence address that occurs while any portion of the
17  restitution remains unpaid.
18       The Court will not impose a fine.  Obviously, the
19  restitution order, I think, takes precedence over any
20  ability, which currently you do not have, to pay a fine.
21       While on supervised release, you will comply with the
22  following terms and conditions:
23       You will not commit any federal, state, or local crime;
24  nor will you illegally possess a controlled substance.
25       You will refrain from any unlawful use of a controlled

```
 1    substance.
 2         You will submit to one drug test within 15 days of
 3    release from custody and at least two periodic drug tests
 4    thereafter, not to exceed 104 tests per year, as directed by
 5    the Probation Office.
 6         You are require by law to submit to the collection of a
 7    DNA sample, again as directed by the Probation Office.
 8         You must comply with the standard conditions adopted by
 9    the court.  These are set out in the United States
10    Sentencing Guidelines, Section 5D1.3(c), but they will be
11    set forth in writing in the judgment.
12         The Court will impose the following special conditions:
13         You are prohibited from possessing a firearm,
14    destructive device, or other dangerous weapon.
15         You will pay the balance of the restitution imposed
16    according to a Court-ordered repayment schedule.
17         You are prohibited from incurring new credit charges or
18    opening additional lines of credit without the approval of
19    the Probation Office while any financial obligation
20    remaining outstanding.
21         You must provide the Probation Office access to any
22    requested financial information, which may be shared with
23    the Financial Litigation Unit of the U.S. Attorney's Office.
24         Normally, I would not put a full ban on the consumption
25    of alcohol, but I think in your case it's really to your
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1    benefit.  So I'm ordering you not to consume alcoholic
 2    beverages of any kind.
 3         You will, again, participate in a program for substance
 4    abuse counseling while on supervised release, subject to the
 5    same testing conditions that I previously outlined.  You may
 6    be required to contribute to the cost of such services for
 7    such treatment based on your ability to pay or the
 8    availability of a third-party payor.
 9         Under the same terms and conditions, you may be
10    required to undergo a mental health evaluation if deemed
11    necessary by the Probation Department.
12         It is further ordered that you pay to the United States
13    a special assessment of $200.  By law, that is due
14    immediately.
15         The right of appeal, as I recall, is preserved,
16    Ms. Conrad.  So I will ask the clerk to advise Mr. Donnelly
17    of his right of appeal.
18              THE CLERK:  Mr. Donnelly, you have the right to
19    file a Notice of Appeal in this case.  If you do wish to
20    file a Notice of Appeal, you must file it within ten days of
21    the date in which I enter the judgment.  If you cannot
22    afford an attorney to file the appeal on your behalf, you
23    may request me to do it, and I will file it in the Clerk's
24    Office for you.
25              THE COURT:  Mr. Donnelly, as I said, "last best
```

PDF created with pdfFactory trial version www.pdffactory.com

1  chance," but at least two people, and now a third, think
2  that you can save yourself.  I know it's a long sentence,
3  but I think it is your last best chance.  So good luck.
4           THE DEFENDANT:  Thank you, your Honor.
5           THE COURT:  All rise.
6       (Proceedings adjourned.)
7
8                    **C E R T I F I C A T E**
9
10     I, James P. Gibbons, Official Court Reporter for the
11  United States District Court for the District of
12  Massachusetts, do hereby certify that the foregoing pages
13  are a true and accurate transcription of my shorthand notes
14  taken in the aforementioned matter to the best of my skill
15  and ability.
16
17  /s/James P. Gibbons                        September 23, 2011
18
19  _____
    James P. Gibbons
20
21            JAMES P. GIBBONS, CSR, RPR, RMR
                  Official Court Reporter
22             1 Courthouse Way, Suite 7205
               Boston, Massachusetts 02210
23                jmsgibbons@yahoo.com
24
25

PDF created with pdfFactory trial version www.pdffactory.com